**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Steven McDonough,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>ABC Financial Services, Inc. ; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 1:14-cv-14740<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Steven McDonough, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq*.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Steven McDonough ("Plaintiff"), is an adult individual residing in Saugus, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "debtor" as defined by 940 CMR § 7.03.

5. Defendant ABC Financial Services, Inc. ("ABC"), is a Sherwood, Arkansas business entity with an address of 2320 Highway 107, Sherwood, Arkansas 72116, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "creditor" as defined by 940 CMR § 7.03.

## FACTS

6. Beginning in September, 2014, ABC began placing calls to Plaintiff's cellular telephone, number 617-xxx-5153, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

7. During all times mentioned herein, ABC called Plaintiff on his cellular telephone using a prerecorded or artificial message.

8. When Plaintiff answered the calls, he would hear a prerecorded voice which stated: "This is Eric from ABC Financial calling in a final attempt to contact you to resolve an issue with your Workout World account. Please call us at 800-897-6877" If Plaintiff did not answer the call, the prerecorded voice would leave a message on Plaintiff's voicemail.

9. ABC placed calls to Plaintiff's cellular phone at the excessive rate of up to four calls per week.

10. During the month of October, 2014, Plaintiff called ABC back at the number provided in the prerecorded message. During the conversation with a live representative Plaintiff requested that the calls to his cellular phone cease. Plaintiff stated that if the calls did not cease, he would get an attorney involved.

11. Without Plaintiff's permission, ABC continued to harass Plaintiff at the rate of over fifteen calls to his cellular phone after his original request for them to cease. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

**47 U.S.C. § 227, et seq.**

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. Often when Plaintiff answered the calls, he would hear a prerecorded voice.

17. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendants' contacted Plaintiff by means prerecorded voice telephone calls to his cellular phone knowing that it lacked consent to call his number in light of his request for the calls to cease. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

24. The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

25. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
3. Punitive damages; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 30, 2014

                              Respectfully submitted,

                              By  /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff